IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| CHAD MATHEWS and <br> MATT MATHEWS, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES DEPARTMENT <br> OF AGRICULTURE, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 12-5057-CV-SW-ODS <br> ) <br> ) <br> ) <br> ) <br> ) |

ORDER AND OPINION REMANDING FOR FURTHER AGENCY ACTION

Pending are Defendant's Motions for Summary Judgment (Doc. 47 & 48). The case is remanded for further agency action.

On June 14, 2006, Chad Mathews entered into a Conservation Security Program ("CSP") contract with the United States Department of Agriculture ("USDA") Natural Resources Conservation Service ("NRCS"). On June 23, 2006, Matt Mathews entered into a similar CSP contract. The purposes of the contracts were to perform various conservation practices on an area of land and to protect a tributary of the Spring River in exchange for program payments.

In 2007, an investigation was conducted into whether Chad Mathews could participate in the CSP as a minor. Chad Mathews contends that a settlement agreement ("2007 settlement agreement") was made with the USDA/NRCS to resolve the matter.

In 2009, the USDA/NRCS brought an action to terminate both Plaintiffs' CSP contracts on the grounds that their agricultural operations were not substantially separate from each other's operations. The NAD entered a decision adverse to Chad Mathews and Matt Mathews ("2009 NAD decision"). Later, both Plaintiffs and other third persons purportedly entered into a settlement agreement ("2009 settlement agreement") with the USDA/NRCS. The settlement agreement allegedly resolved the disputed subject matter of the 2009 NAD decision.

On March 22, 2011, Plaintiffs were informed that the USDA/NRCS did not have the authority to enter into the settlement agreement and that Plaintiffs' CSP contracts would be terminated per the 2009 NAD decisions.  During the course of subsequent appeals, Plaintiffs requested subpoenas to be issued by the NAD for the production of various USDA/NRCS documents. Plaintiffs believed that the documents supported their contention that their farming operations were substantially separate and that both the 2007 settlement agreement and the 2009 settlement agreement were valid.  Further, Plaintiffs requested the appearance and testimony of USDA/NRCS employees before the 2011 NAD Hearing Officer to present evidence concerning these issues.  Plaintiffs' requests were denied.

Defendant concedes that the administrative record is incomplete, and that the case should be remanded to allow Plaintiffs to develop the record and so that the Hearing Officer may consider the evidence in the first instance.  Docs. 51 at 6; Doc. 52 at 5.   In accordance with 5 U.S.C. § 706, the Agency's decision is set aside and the matter is remanded for further Agency action.

In the event there are subsequent appeals following the remand, parties are reminded to advise the Clerk of the Court that this matter was the subject of a previous suit so that the new suit may be properly assigned in accordance with Local Rule 83.9.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: September 12, 2013                UNITED STATES DISTRICT COURT

2

Case 3:12-cv-05057-ODS   Document 53   Filed 09/13/13   Page 2 of 2